**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Paul LIU, a.k.a. Big Paul; Kien Vay Luong, a/k/a Ken, a/k/a Ken–Gor; John Sun, a/k/a Xioa–Chung, a/k/a Tony Sun, a/k/a Chung Chen Sun, a/k/a Xiao Chung; Wai Yin Chu, a/k/a Sonny, a/k/a Ah–Bak, Defendants–Appellees.**

**No. 05–50114.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2006.

Filed Sept. 27, 2006.

---

1. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Becky S. Walker, Rodrigo A. Castro–Silva, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, John C. Rayburn, Esq., Office of the U.S. Attorney Criminal Division, Riverside, CA, for Plaintiff–Appellant.

Terrence A. Roden, William S. Pittman, Esq., Mark J. Werksman, Los Angeles, CA, Yolanda M. Barrera, Esq., Monrovia, CA, Alex R. Kessel, Esq., Encino, CA, for Defendants–Appellees.

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

Before: SCHROEDER, Chief Judge, FRIEDMAN * and LEAVY, Circuit Judges.

## MEMORANDUM **

The United States appeals the district court's order suppressing evidence obtained from the wiretaps of phones belonging to defendants Paul Cho Liu and Kien Vay Luong. Under 18 U.S.C. § 2518(8)(a) the government was required to present the tapes containing the wiretap evidence for sealing "immediately upon the expiration of the period of the order."

The district court suppressed these tapes because they were not presented for sealing until 60 days after the period for which the wiretaps were authorized had expired. We affirm the district court's order, because presentation for sealing was late and the government offered no "satisfactory explanation," as required by the express terms of the statute, to excuse the delay. See United States v. Ojeda Rios, 495 U.S. 257, 265, 110 S.Ct. 1845, 109 L.Ed.2d 224 (1990).

This case arises under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 18 U.S.C. §§ 2510 et seq. The controlling section of the statute, 18 U.S.C. § 2518(8)(a), sets forth the procedures for intercepting wire, oral, or electronic communications. Section 2518(8)(a) provides in relevant part:

Immediately upon the expiration of the period of the order, or extensions there-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of, such recordings shall be made available to the judge issuing such order and sealed under his direction.

The statute also contains an explicit exclusionary rule for failure to comply with the sealing requirement:

> The presence of the seal provided for by this section, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517.

The tapes concerning us here were recorded pursuant to Wiretap Order "3" that issued on January 30, 2001, and expired on March 1, 2001. The next wiretap order, Order "4" issued March 22, 2001, and expired April 21, 2001. It tapped phones belonging to different individuals than those authorized under Order "3."

Both the tapes recorded pursuant to Order "3" and those recorded pursuant to Order "4" were sealed on April 30, 2001, a few days after the expiration of the fourth order, but sixty days after the expiration of Order "3." The Order "3" tapes were suppressed because they were not timely sealed.

The issue before us is whether there was a "satisfactory explanation" provided for the delay in sealing. At the evidentiary hearing on the motion to suppress, the agent testified that he believed that the Order "3" tapes could be sealed at the end of the investigation, i.e., after the expiration of Order "4." In 1990, however, ten years before this investigation, the Supreme Court held that such an interpretation of the law was incorrect. *Ojeda Rios,* 495 U.S. at 266–67, 110 S.Ct. 1845. The agent's misunderstanding of by now clearly established law cannot constitute a satisfactory explanation for the delay.

In *Ojeda Rios,* on appeal, the government offered as an explanation for its delay in sealing tapes from a wiretap investigation its belief that the statutory sealing requirement only applied once there was a meaningful break in the investigation as a whole. The Supreme Court found that the government's interpretation of the law was incorrect. *Ojeda Rios,* 495 U.S. at 266, 110 S.Ct. 1845. However, because two prior Second Circuit cases gave plausible support to the government's position, the Supreme Court held that, under the circumstances, it was "objectively reasonable" and could constitute a "satisfactory explanation." *Id.* at 266–67, 110 S.Ct. 1845. The Court "remanded for a determination whether the Government's explanation to the District Court substantially corresponds to the explanation it now advances." *Id.* at 267, 110 S.Ct. 1845. Nonetheless, in 1990, the United States Supreme Court held that the government was incorrect in its view that it could wiretap multiple phone lines and multiple parties as part of a ongoing criminal investigation without sealing at the end of each wiretap or extension thereof. *Id.* at 266, 110 S.Ct. 1845.

In this case, unlike the situation in *United States v. Hermanek,* 289 F.3d 1076 (9th Cir.2002), the agent could not reasonably have believed that the wiretaps pursuant to Order "4" were extensions of the taps pursuant to Order "3." Order "4" pertained to different phones owned by different individuals.

The order of the district court must be AFFIRMED.

FRIEDMAN, Circuit Judge, dissenting:

In my opinion, *United States v. Hermanek,* 289 F.3d 1076 (9th Cir.2002), calls for reversal of the district court's order suppressing the wiretaps.

In *United States v. Ojeda Rios,* 495 U.S. 257, 266, 110 S.Ct. 1845, 109 L.Ed.2d 224 (1990), the Supreme Court fifteen years ago addressed the question whether sequential wiretap authorization orders constituted "extension[s]" of prior orders and therefore extended the time for sealing the earlier ones. The government contended that "its delays were the result of a good-faith, objectively reasonable misunderstanding of the statutory term 'extension,'" since "the attorney supervising the investigation and electronic surveillance of respondents believed that he was not required to seek sealing of the tapes until there was a meaningful hiatus in the investigation as a whole." *Id.* at 265–66, 110 S.Ct. 1845. The Court held, however, that although two decisions of the Second Circuit, from whence the case had come, did not establish the government's legal theory, that

> the cases do support the conclusion that the "extension" theory now pressed upon us was objectively reasonable at the time of the delays. Thus, we conclude that the excuse now advanced by the Government is objectively reasonable. In establishing a reasonable excuse for a sealing delay, the Government is not required to prove that a particular understanding of the law is correct but rather only that its interpretation was objectively reasonable at the time.

*Id.* at 266, 110 S.Ct. 1845.

The Court remanded the case to the Second Circuit "for a determination whether the Government's explanation to the District Court substantially corresponds to the explanation it now advances." *Id.* at 267, 110 S.Ct. 1845.

*Hermanek* involved the application of the statutory sealing requirements to intercepted cell phone communications. This court first held that "an order is an extension of an earlier order only if it authorizes continued interception of the same location or communications facility specified by the prior order," 289 F.3d at 1086, and that under Ojeda Rios "the later orders were not extensions within the meaning of § 2518(8)(a)." *Id.* at 1087. The court then ruled that the "government's explanation" that it "mistaken[ly] belie[ved] that it could delay sealing the 8340 recordings because the later orders were extensions," "was objectively reasonable. Before today, the meaning of the term extensions was an open question in this Circuit.... We therefore affirm the district court's denial of appellants' motion to suppress the 8340 recordings." *Id.* at 1088. In so holding, this court followed and applied the Supreme Court's ruling in Ojeda Rios that the government's theory that the later wiretap authorizations were "extension[s]" of the earlier ones "was objectively reasonable at the time of the delays" and therefore could constitute "a reasonable excuse for a sealing delay." 495 U.S. at 266, 110 S.Ct. 1845.

*Hermanek* thus held that the government's mistaken belief that the later authorizations were "extension[s]" of the earlier authorizations constituted a "reasonable explanation" for the delay in sealing the tapes.

This is also the situation in the present case. In his declaration, FBI Special Agent Taglioretti, who was in charge of the wiretap investigation here, explained that he delayed sealing because the six wiretaps involved

> were all part of the same wiretap investigation involving the same individuals and/or targets and these individuals were all part of the same criminal enterprise, wiretaps TT4 through TT7 were extensions of TT1 and TT2 within the meaning of the Title III regulations. I believed that I could wait until immediately after April 21, 2001, to seal all of the tapes obtained as a result of the overall wiretap investigation.

---

Taglioretti thus delayed sealing the four later tapes because he believed that they were "extensions of" the original authorizations "within the meaning of the Title III regulations."

The court concludes its opinion in the present case:

> In this case, unlike the situation in *United States v. Hermanek,* 289 F.3d 1076 (9th Cir.2002), the agent could not reasonably have believed that the wiretaps pursuant to Order "4" were extensions of the taps pursuant to Order "3." Order "4" pertained to different phones owned by different individuals.

Although this distinction may be relevant in determining whether the later wiretap authorizations were "extensions" of the earlier ones, I do not understand how it establishes that the agents mistaken belief that they were "extensions" was unreasonable. Indeed, there was one individual (Luong) who was the subject of both wiretaps (authorized by orders "3" and "4"). The presence of the same individual in both wiretaps would give the agent some basis for believing that the latter wiretap was an extension of the former.

The wiretaps and the sealing delays in the present case all occurred before *Hermanek* was decided. In this case, as in *Hermanek,* "the meaning of the term extensions was an open question" in this circuit when the agent delayed sealing the tapes in the mistaken belief that the subsequent authorizations were extensions. It therefore follows that the district court should not have suppressed the tapes for failure to seal them immediately.